**YAN QUIN WANG; Yan Zhu Wang, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73506.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 20, 2007.

Scott Bratton, Margaret Wong & Associates Co., LPA, Cleveland, OH, for Petitioners.

---

Yan Quin Wang, New York, NY, pro se.

Yan Zhu Wang, New York, NY, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Ernesto H. Molina, Jr., Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Yan Quin Wang and Yan Zhu Wang, natives and citizens of China, petition for review of the Board of Immigration Appeals' ("BIA") decision, affirming the Immigration Judge's ("IJ") order denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

When, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *See Kebede v. Ashcroft,* 366 F.3d 808, 809 (9th Cir.2004). We review for substantial evidence, *Singh v. INS,* 134 F.3d 962, 966 (9th Cir.1998), and we deny the petition for review.

The IJ found that the destruction of the contents of petitioners' home did not constitute past persecution. We conclude that petitioners' testimony does not compel a finding of past persecution. *See Singh,* 134 F.3d at 969 (property damage to petitioner's home and burglary did not compel a finding of persecution).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The IJ further found that petitioners could not show an objectively reasonable well-founded fear of future persecution. We conclude that, absent direct and specific evidence that petitioners face a particular risk of forced contraceptive measures, the record does not compel the conclusion that their fear of future persecution is objectively reasonable. *See Gu v. Gonzales,* 454 F.3d 1014, 1022 (9th Cir.2006).

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

We decline to consider petitioners' CAT claims because they did not raise the claims in their opening brief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**